1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARYLE L. HUMPHRIES,                      No.  2:22-cv-0090 KJN P

12                       Plaintiff,

13            v.                                 ORDER

14    P. CURRY,

15                       Defendant.

16

17         Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20    Rule 302.

21         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22    Accordingly, the request to proceed in forma pauperis is granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

2    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

3    U.S.C. § 1915(b)(2).

4    Screening Standards

5        The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

27   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

28   . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that while he was hospitalized at California Medical Facility ("CMF"), waiting for surgery on his throat and left hip, defendant LVN Curry went to another inmate's cell, took a dirty bowl containing food, grime and mildew, and filled it with ice.  Curry then deliberately poured the ice into a container that belonged to plaintiff.  Such actions were witnessed by pastoral care services worker Sonny, who reported the misconduct to J. Tan, R.N., despite Curry's request that Sonny not report such misconduct.

While Sonny was reporting the incident, and before Sonny advised plaintiff what had happened, plaintiff ingested some of the ice and became ill, suffering nausea, a headache, and diarrhea, vomiting on several occasions, and remained sick for the next ten days.  Plaintiff's request that Curry be removed was denied, but the institutional level response found that Curry violated CDCR policy.  Plaintiff seeks money damages.

Discussion

Eighth Amendment Claims

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendant Curry.  See 28 U.S.C. § 1915A.

ADA/RA Claims

Plaintiff claims he was admitted to G-225-L in a wheelchair, complaining of pain to his left hip and leg, and was only able to bear weight with two person assistance.  Plaintiff claims that defendant Curry, having knowledge of plaintiff's condition, "took advantage of such condition, and solely on the basis of plaintiff's disabilities, proceeded to assault plaintiff and batter him with the laced ice, and otherwise [was] deliberately indifferent to plaintiff's health care needs."  (ECF

3

No. 1 at 12.)  Plaintiff also alleges defendant Curry abused her position of trust.  Plaintiff seeks money damages.  (Id.)

The elements of a cause of action under Title II of the ADA are:  (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  A cause of action under section 504 of the RA essentially parallels an ADA cause of action.  See Olmstead v. Zimring, 527 U.S. 581, 590 (1999); Duvall v. Cty of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (noting that Title II of the ADA was "expressly modeled after § 504 of the Rehabilitation Act").

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity, which requires:  (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  Id. at 1138-39; see also T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 467 (9th Cir. 2015) (a plaintiff seeking monetary damages under the ADA or RA "must show that the defendant acted with intent to deny him the benefits of the public program or a reasonable accommodation").

Here, taking plaintiff's factual allegations as true, the undersigned concludes that plaintiff failed to state a cognizable ADA/RA claim.

First, plaintiff fails to name a proper defendant for an ADA/RA claim.  The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  U.S. v. Georgia, 546 U.S. 151, 153 (2006).  State prisons are "public entities" within the meaning of the ADA.  See Id. (citing 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dept. of Corr. v. Yeskey, ////

4

1   524 U.S. 206, 210 (1998)); see also Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

2   Individual workers at the prison are not proper defendants for an ADA/RA claim.

3          Second, plaintiff must allege facts showing what accommodations were needed but not

4   provided.  In other words, plaintiff's allegation that he received substandard medical care by

5   defendant Curry which put him at substantial risk of harm, such allegation cannot support an

6   ADA or RA claim.  "The ADA prohibits discrimination because of a disability, not inadequate

7   treatment for a disability."  See Simmons v. Navajo Cty., 609 F.3d 1011, 1022 (9th Cir. 2010)

8   (rejecting argument that defendant violated the ADA by "depriving [the deceased prisoner] of

9   'programs or activit[ies] to lessen his depression' ") (citing Bryant v. Madigan, 84 F.3d 246, 249

10  (7th Cir.1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the

11  medical needs of its disabled prisoners. . . .  The ADA does not create a remedy for medical

12  malpractice.")).  See also Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical

13  treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403

14  F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions);

15  Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not

16  ordinarily within scope of ADA or RA).

17         In light of such authorities, it is not clear that plaintiff will be able to amend his complaint

18  to state a cognizable ADA/RA claim.  While plaintiff claims that defendant Curry intentionally

19  acted, plaintiff alleges no facts suggesting that the public entity was deliberately indifferent under

20  the standards set forth above.  However, in an abundance of caution, plaintiff is provided one

21  opportunity to do so.

22  Plaintiff's Alternatives

23         Plaintiff may proceed forthwith to serve defendant Curry and pursue the Eighth

24  Amendment claims or plaintiff may delay serving defendant Curry and attempt to state a

25  cognizable ADA/RA claim against an appropriate defendant.

26         If plaintiff elects to attempt to amend his complaint to state a cognizable ADA/RA claim

27  against an appropriate defendant, he has thirty days so to do.  But plaintiff is not required to

28  amend his complaint.

If plaintiff elects to proceed forthwith against defendant Curry, against whom plaintiff stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must choose such option on the appended Notice of Election form.  In this event the court will construe plaintiff's election as consent to dismissal of his ADA/RA claim without prejudice, and will order service of process on defendant Curry without further delay.

If Plaintiff Chooses to Amend

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

6

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

not include any preambles, introductions, argument, speeches, explanations, stories, griping,

vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

(reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

many defendants with unexplained, tenuous or implausible connection to the alleged

constitutional injury, or joining a series of unrelated claims against many defendants, very likely

will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

      A district court must construe a pro se pleading "liberally" to determine if it states a claim

and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and
> plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

1   can provide the framework of a complaint, they must be supported by factual allegations, and are

2   not entitled to the assumption of truth.  Id. at 1950.

3        An amended complaint must be complete in itself without reference to any prior pleading.

4   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

5   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

6   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

7   pleading is superseded.

8        Accordingly, IT IS HEREBY ORDERED that:

9        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

10       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13  Director of the California Department of Corrections and Rehabilitation filed concurrently

14  herewith.

15       3.  Plaintiff's ADA/RA claim against defendant Curry is dismissed with leave to amend.

16  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state

17  cognizable claims against the appropriate defendant.  Plaintiff is not required to amend his

18  complaint.

19       4.  The allegations in the pleading are sufficient to state potentially cognizable Eighth

20  Amendment claims against defendant Curry.  See 28 U.S.C. § 1915A.  With this order, plaintiff is

21  provided a Notice of Election form.  If plaintiff elects to proceed solely on his Eighth Amendment

22  claims, the court will proceed forthwith as to defendant Curry, the court will issue an order to the

23  U.S. Marshal to execute service of process pursuant to Fed. R. Civ. P. 4.  Defendant Curry will be

24  required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

25  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

26  to an order dismissing his defective ADA/RA claim without prejudice.

27  ////

28  ////

8

1      5.  Failure to comply with this order will result in a recommendation that this action be

2  dismissed.

3  Dated:  June 2, 2022

4

5  /hump0090.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

DARYLE L. HUMPHRIES,                              No.  2:22-cv-0090 KJN P

12

Plaintiff,

13

v.                                               NOTICE OF ELECTION

14

P. CURRY, LVN,

15

Defendant.

16

17

Pursuant to the court's order issued in June, 2022, plaintiff makes the following election.

18

1. _____          Plaintiff elects to proceed forthwith with his Eighth Amendment claims

19

against defendant Curry and

20

_____          Plaintiff consents to the dismissal of his ADA/RA claim against defendant

21

Curry.

22

**OR**

23

2. _____          Plaintiff opts to file an amended complaint and delay service of process.

24

_____          Plaintiff's proposed amended complaint is appended.

25

DATED:

26

_____

27

Plaintiff

28