UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYLE HUMPHRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>P. CURRY,<br><br>    Defendant. | No. 2:22-cv-0090 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On May 10, 2023, plaintiff filed a document that contains multiple requests. Defendant filed an opposition; plaintiff did not file a reply.

First, plaintiff seeks to obtain the attendance of an incarcerated witness. As plaintiff was informed in the court's recent discovery and scheduling order, motions for the attendance of incarcerated witnesses are to be filed <u>with</u> the pretrial statement. (ECF No. 26 at 2.) The parties have not yet been ordered to file pretrial statements. Thus, plaintiff's motion is premature, and is denied without prejudice to its renewal after the court orders the filing of pretrial statements.

Second, plaintiff appears to seek an order compelling defendant to respond to plaintiff's request for production of documents. However, defendant objects that plaintiff has not requested any documents from defendant, and the deadline for written discovery expired on March 20, 2023. Defendant provided a copy of the requests for admissions that plaintiff propounded along

1

with defendant's responses. On the other hand, plaintiff did not append a copy of the purported discovery requests, if any, that are at issue. Therefore, to the extent plaintiff seeks to compel discovery responses to discovery requests he did not propound, such request is denied. The discovery order issued on January 25, 2023, and discovery closed on May 19, 2023. Plaintiff has not shown good cause to extend the discovery deadline.

Third, plaintiff is encouraged to discuss settlement with counsel for defendant. If the parties believe that a settlement conference is warranted, they can request that the court set a settlement conference. If the parties wish the undersigned to conduct the settlement conference, both parties must file a waiver of conflict form.

Finally, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of an incarcerated witness (ECF No. 30) is denied without prejudice;
2. Plaintiff's motion to compel discovery responses (ECF No. 30) is denied; and

3. Plaintiff's motion for the appointment of counsel (ECF No. 30) is denied without prejudice.

Dated: June 12, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hump0090.mtc+